UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN DANIEL ALENCASTRO CALI,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.

Respondents.

No. 2:26-cv-1034-DC-EFB

FINDINGS AND RECOMMENDATIONS

Petitioner has filed a petition for a writ of habeas corpus. According to his verified petition, petitioner is a native and citizen of Ecuador who lawfully entered the United States at the El Paso, Texas port of entry on April 9, 2024. ECF No. 1 at 4-5. He was granted parole pursuant to § 212(d)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(d)(5). *Id.* Respondents agree that he was paroled for two years. ECF No. 6 at 2; *id*. at 8 (Department of Homeland Security (DHS) notice to appear states that as of April 9, 2024, petitioner was "[p]aroled for 2 years pending 240 proceedings").

Petitioner's application for asylum, based on threats from criminal groups and extortion in Ecuador, was scheduled for a master calendar hearing on April 23, 2026. ECF No. 1 at 5. He claims a perfect record of compliance with ICE check-in requirements and home visits. *Id*. He was arrested at his scheduled check-in at ICE offices on January 8, 2026, and has remained in detention since that time. *Id.*

////

He was diagnosed with sepsis and diverticulitis during a hospitalization at Bakersfield Memorial Hospital. *Id*. He alleges that he experiences constant bleeding and severe abdominal pain but respondents have been deliberately indifferent to his medical needs. *Id*. He has not received appropriate medication and on one occasion he was taken for emergency care but returned the same day without adequate treatment or a proper medical plan. *Id*. at 5-6. The lack of adequate medical treatment causes deterioration of his condition and extreme pain and risks a recurrence of sepsis. *Id*. at 6.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## ANALYSIS

Petitioner asserts he has no criminal convictions and is not a danger to the community, ECF No. 1 at 5, but respondents point to encounter with the Delano Police Department on May 29, 2025. ECF No. 6 at 2. This encounter was the reason for his January 8, 2026 detention by ICE agents. *Id*. Petitioner maintains that the event was based on "an anonymous tip from an unknown individual, never resulted in formal criminal charges being filed in court, and was never prosecuted." ECF No. 9 at 1. He appends a "booking" record which contains the notation "Holding: False." *Id*. at 6, 8. Respondents have not refuted petitioner's claim that he was not prosecuted nor convicted of the alleged burglary.

Respondents argue that petitioner is subject to mandatory detention under the Laken Riley Act and 8 U.S.C. § 1226(c) because of this police encounter. ECF No. 6 at 2. But on this record the Laken Riley statute does not apply to petitioner's circumstances. According to this statute, detention is mandatory for a person who:

////

////

> i) is inadmissible under [§ 1182(a)(6)(A), § 1182(a)(6)(C), or § 1182(a)(7)] []; **and**
>
> ii) **is charged with, is arrested for, is convicted of, admits having committed, or admits committing** acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(E)(i) & (ii) (emphasis added).

Petitioner falls within the scope of the first condition of the Laken Riley Act, § 1226(c)(1)(E)(i), because when he entered the United States on April 9, 2024 he was determined to be inadmissible under § 1182(a)(7)(A)(i)(I) [INA § 212(a)(7)(A)(i)(I)]. ECF No. 6 at 8. The parties agree that petitioner was paroled for two years pursuant to § 1182(d)(5) at that time, but his parole does not alter the inadmissibility determination. *See* § 1182(d)(5)(A) (parole for humanitarian purposes "shall not be regarded as an admission"); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (after the purposes of humanitarian parole has been served, the person "shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States" (quoting § 1182(d)(5)(A) (cleaned up)); *see also Gonzalez v. Warden*, No. 1:26-cv-2877-JLT-EGC, 2026 WL 1707710, at *3 (E.D. Cal. June 12, 2026) (finding that first condition of Laken Riley Act was met where noncitizen was charged at entry as removable under § 1182(a)(6)(A)(i)).

But respondents have not shown that petitioner's circumstances fall within the scope of the second condition of the Laken Riley Act, § 1226(c)(1)(E)(ii). Respondents assert that petitioner was "arrested" for the alleged burglary, ECF No. 6 at 2, but the documentary record is unclear as to whether an arrest actually occurred. It is plausible on this record that petitioner was merely detained or questioned by police about the anonymous report, rather than formally arrested.[1] Respondents have not submitted any evidence that unequivocally supports their

---

[1] According to 20 Cal. Jur. 3d Criminal Law: Pretrial Proceedings § 225 (footnotes omitted):

> There are basically three different categories or levels of police contacts or interactions with individuals, ranging from the least to the most intrusive, that evoke

assertion that petitioner was arrested for the alleged burglary. The "Interstate Identification Index" presented by respondents appears to unspecifically characterize this event as "arrest/detained/cited." ECF No. 6 at 20. The "False" notation on the "booking" record submitted by petitioner plausibly supports his contention that police determined the burglary allegation was false and was perhaps an inadequate basis to arrest him.

But even assuming that petitioner was arrested for the alleged burglary, respondents have not shown that there is any present intent to pursue charges against him. Courts have concluded that the Laken Riley Act's "recurring use of the present tense for each stage of the criminal process, [indicates that] the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal[.]" *Helbrum v. Williams Olson*, No. 4:25-cv-0349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025); *see also Cantillo v. Warden Northwest Detention Center,* No. 2:26-cv-0575-DGE, 2026 WL 886553, at *1 n.3 (W.D. Wash. Apr. 1, 2026) (Laken Riley Act ceases to require mandatory detention after criminal charges dismissed with prejudice); *Sidqui v. Almodovar*, 823 F. Supp. 3d 364, 388-389 (S.D.N.Y. 2026) (same); *Acosta-Tolentino v. Lyons*, No. 2:26-cv-0821-DC-CSK, 2026 WL 1286725, at *1-2 (E.D. Cal. May 11, 2026) (§ 1226(c)(1)(E)(ii) no longer applies to require mandatory detention after dismissal of theft charge). In this instance, the burglary allegation was apparently not pursued and did not reach the point of an acquittal or dismissal. Respondents have not shown that petitioner is presently under arrest or charged with burglary. For these reasons, the second statutory condition of the Laken Riley Act does not apply to petitioner's circumstances. This in

---

an analysis regarding the degree of restraint and extent to which there is a seizure of the person: consensual encounters that result in no restraint of liberty whatsoever; detentions, which are seizures of an individual that are strictly limited in duration, scope, and purpose; and formal arrests or comparable restraints on an individual's liberty. First, there are consensual encounters, which are police-individual interactions that result in no restraint of an individual's liberty whatsoever, that is to say, there is no seizure, however minimal, and which may be properly initiated by police officers, even if they lack any objective justification. Second, there are detentions, which are seizures of an individual which are strictly limited in duration, scope, and purpose, and which may be undertaken by the police if there is an articulable suspicion that a person has committed or is about to commit a crime. Third, there are seizures of an individual which exceed the permissible limits of a detention. These are seizures which include formal arrests and restraints on an individual's liberty which are comparable to an arrest and which are constitutionally permissible only if the police have probable cause to arrest the individual for a crime.

turn means that respondents are incorrect in arguing that petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E)(i).

Petitioner's detention is instead governed by § 1226(a). *See Hellbrum*, 2025 WL 2840273, at *7; *Reyes Campos v. Mattos*, No. 2:26-cv-0850-RFB-BNW, 2026 WL 1362541, *1, 4 (D. Nev. May 15, 2026) (person inadmissible under § 1182(a)(7)(A)(i)(I) and paroled under § 1182(d)(5) was already inside the United States and entitled to pre-deprivation bond hearing under § 1226(a)). Petitioner was detained without having received a pre-deprivation bond hearing as required by § 1226(a) and he has not received a post-deprivation bond hearing.

Considering all these factors, and consistent with the court's reasoning and ruling in *Selis-Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. 2025), *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. 2025), *Rahimi v. Wofford*, No. 1:26-cv-0520-DC-DMC, 2025 WL 760516 (E.D. Cal. Mar. 18, 2026), and *Acosta-Tolentino*, No. 2:26-cv-0821-DC-CSK, 2026 WL 1286725 (E.D. Cal. May 11, 2026), the court finds that petitioner's Fifth Amendment right to procedural due process was violated by his detention without a hearing to determine if such detention was warranted. The appropriate relief in these circumstances is to grant petitioner's request for immediate release.

**MOTIONS FOR EXPEDITED RULING**

Petitioner has filed: 1) a motion for status conference or expedited ruling, ECF No. 10, and 2) a supplemental memorandum of law in support his habeas petition and motion for expedited ruling (which the Clerk has docketed as a motion), ECF No. 11. Because the undersigned recommends that the petition for a writ of habeas corpus be granted on the merits and that petitioner be ordered immediately released, it is further recommended that petitioner's motions for a status conference and to expedite ruling on the petiton be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on his claim for violation of the Fifth Amendment's Due Process Clause.

2) Petitioner's motions for expedited ruling (ECF No. 10 **and** ECF No. 11) be DENIED as moot.

3) Respondents be ordered to immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention on January 8, 2026.

4) At the time of his release, respondents be required to return all of petitioner's documents and possessions in their custody and control.

5) Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

6) The Clerk be directed to serve the California City Correctional Facility with a copy of the Court's order.

7) These recommendations do not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

8) The Clerk of Court be directed to enter judgment in petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE